UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Edward Nickerson, <br> a/k/a *Charles E. Nickerson,* <br><br> Petitioner, <br><br> vs. <br><br> Joseph McFadden, Warden, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A No. 9:14-1888-JFA-BM <br><br><br><br><br> **REPORT AND RECOMMENDATION** |

Petitioner, Charles Edward Nickerson, also known as Charles E. Nickerson, ("Petitioner"), a state prisoner in the Lieber Correctional Institution of the South Carolina Department of Corrections, who is proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus which he states is brought pursuant to 28 U.S.C. § 2241.[1] Petitioner seeks to challenge his 1976 convictions and sentences for burglary/larceny and murder. *See* Petition, ECF No. 1 at 1.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* petitions are also held to a less stringent standard than those drafted by

---



[1] Petitioner completed an AO241 "Petition Under 28 U.S.C. § 2254" form, but changed "§ 2254" to read "§ 2241" and wrote "Petition under 28 U.S.C. Section 2241" at the top of the form. Petition, ECF No. 1 at 1.

attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

Petitioner seeks to be released from custody and to have the State of South Carolina barred from prosecuting his case again. ECF No. 1 at 15. He states that he pled guilty in the Saluda County General Sessions Court to charges of burglary/larceny and murder and received, respectively, sentences of nine years and life without parole. ECF No. 1 at 1. Petitioner previously filed a § 2254 petition in this Court on November 27, 2007, challenging these same convictions and sentences, and in an Order entered October 10, 2008, the Honorable G. Ross Anderson, Jr., Senior United States District Judge, granted the respondents' motion for summary judgment and dismissed the case with prejudice. *See Nickerson v. South Carolina*, C/A No. 0:07-3822-GRA, 2008 WL 4546607 (D.S.C.

2

Oct. 10, 2008).[2] Petitioner appealed the court's judgment in C/A No. 07-3822 to the United States Court of Appeals for the Fourth Circuit, and the appeal was dismissed on March 17, 2009. *See Nickerson v. South Carolina*, 317 F. App'x 371 (4th Cir. 2009).

Based on the foregoing, the Petition filed in this case should be summarily dismissed because it is successive and there is no indication that Petitioner requested and received permission from the United States Fourth Circuit Court of Appeals before he submitted it to this Court. *See Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits).[3] A review of Petitioner's habeas corpus petition reveals that, although Petitioner is attempting to bring this petition pursuant to 28 U.S.C. § 2241, it present claims more properly asserted under 28 U.S.C. § 2254, as Petitioner is in custody pursuant to a state court judgment and he alleges that his United States constitutional rights were violated. *See* 28 U.S.C. § 2254(a). Because Petitioner had already filed a prior § 2254 petition, he presumably hoped that by entitling his petition as being brought pursuant to § 2241 he would avoid the statutory requirement to seek leave from the Court of Appeals to authorize this district court to consider his successive petition. However, Petitioner cannot evade the procedural requirements of 28 U.S.C. § 2254 by filing an action purporting to be a § 2241 petition. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *see Ferrell v. Warden of Lieber Corr. Inst.*, C/A No. 9:10–1223–CMC–BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), adopted, 2010 WL 3258295 (D.S.C. Aug.16, 2010). If

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964 (D.S.C. April 14, 2010), adopted, 2010 WL 2720912 (D.S.C. July 08, 2010).

3

this were not the case, then "a state prisoner could simply opt out of its [2254] operation by choosing a different label for his petition." *Id.* (citing *Medberry v. Crosby*, 351 F.3d 1049, 1060-61 (11th Cir. 2003)). *Cf. Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003) (Section 2244(d)(1), the one year statute of limitations, "applies to claims challenging any aspect of custody, so long as the petitioner is in custody pursuant to a state court judgment"). Hence, Petitioner cannot thwart Congress' statutory rules governing habeas petitions by selecting a label for his habeas petition.

Petitioner may claim that, since his first federal petition was dismissed as being untimely, that it was not a decision on the merits so as to subject his current petition to a "successive" petition dismissal. However, the dismissal of a § 2254 petition as untimely is considered a consideration of that petition "on the merits," so that any subsequent petition filed by the same petitioner challenging the same underlying state conviction and sentence is deemed successive, and, thus, requires permission from the applicable court of appeals. *See, e.g., McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)); *Murray v. Grenier*, 394 F.3d 78, 81 (2d Cir. 2005)("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128–29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits"); *Griffin v. Padula*, 518 F.Supp.2d 680, 687 (D.S.C. 2007) (a petition's dismissal based upon the one-year AEDPA statute of limitations

4

is an adjudication on the merits that results in subsequent § 2254 petitions being designated as successive).

Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals,[4] and the "gatekeeping" mechanism of 28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.[5] *See In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) (the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th

---

[4] A petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the petitioner can make a *prima facie* showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Even if a petitioner's grounds for relief satisfy these strict requirements, however, the Fourth Circuit is the proper tribunal to make that decision when authorization is requested, not the district court. Petitioner can obtain the necessary forms for filing a motion for such authorization from the Clerk of Court's Office of the United States Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, Virginia 23219. "The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

[5] Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts reiterates this requirement, stating that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

5

Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Here, there is no indication that Petitioner has received permission from the Fourth Circuit Court of Appeals before filing the present Petition. Consequently, this Court has no jurisdiction to consider the instant Petition. *Cf. United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003); *In re Williams*, 444 F.3d at 236-37 (4th Cir. 2006).

### **Recommendation**

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 6, 2014
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



7