UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Edward Nickerson, | ) | C/A No. 9:14-1888-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Charles Nickerson, brings this action pursuant to 28 U.S.C. § 2241 challenging his 1976 state court conviction and sentence for burglary/larceny and murder.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation suggesting that the § 2241 petition is actually a successive petition under 28 U.S.C. § 2254 and that it should be summarily dismissed because the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition. The Magistrate Judge further notes that the petitioner has previously raised a § 2254 challenge to his state conviction in *Nickerson v. South Carolina* (C/A No. 0:07-3822-GRA),

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

wherein the court granted the respondent's motion for summary judgment and dismissed the action on the merits. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 9, 2014. However, the petitioner has failed to file objections and the time within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge is correct in his opinion that the claims raised in this § 2241 petition are actually successive § 2254 challenges to petitioner's 1976 conviction. As the petitioner has not received permission from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this court is without authority to entertain it. 28 U.S.C. § 2244 and *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.")

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

July 14, 2014
Columbia, South Carolina

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."

3